UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Timothy Augustus Ward, | ) | C/A No. 4:25-3293-JD-TER |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Officer Khalil Love, | ) | |
| City of Myrtle Beach, | ) | |
| Defendants. | ) | |

This is a civil action filed by a nonprisoner, proceeding *pro se* and *in forma pauperis*.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Plaintiff's Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.

*Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

**DISCUSSION**

Plaintiff's action is subject to partial summary dismissal for failure to state a claim upon which relief can be granted as to Defendant Love. Plaintiff alleges that he brings this action pursuant to 42 U.S.C. § 1983. (ECF No. 1-2 at 3). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."

*City of Monterey v. Del Monte Dunes at Monterey*, Ltd., 526 U.S. 687, 707 (1999). Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges his First and Fourth Amendment rights have been violated as a result of an encounter with Defendant Love. (ECF No. 1-2 at 4). Plaintiff alleges he cursed and Defendant Love "said it was disorderly conduct" and "pushed" and "handcuffed" Plaintiff. (ECF No. 1-2 at 4). Plaintiff gives no further details, except that there were no injuries. (ECF No. 1-2 at 5). Plaintiff alleges this was excessive force and requests monetary damages, as well as the unavailable relief of prosecution[1] of Defendant Love. (ECF No 1-2 at 6).

One "who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010). Other courts in the Fourth Circuit have found no basis for an excessive force claim where no injury is suffered. *See Atkins v. Glaser*, 2022 WL 1085000, at *7 (E.D. Va. Apr. 11, 2022) (collecting cases and noting that finding is "consistent with decisions of both district courts and courts of appeals nationwide"). Because Plaintiff alleges there was no injury from Defendant Love's push and handcuffing, Plaintiff's excessive force claim fails to state a claim upon which relief can be granted and Defendant Love is subject to summary dismissal.

A different claim entirely, Plaintiff alleges Defendant City of Myrtle Beach violates Plaintiff's constitutional rights in its enforcement of allegedly unconstitutional city ordinances from

---

[1] Plaintiff, as "a private citizen, lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973).

Chapter 14 and in its enforcement of S.C. Code Ann. § 16-17-530 as related to the criminalization of swearing. (ECF No. 1-2 at 5). These allegations liberally construed are sufficient at this procedural stage to withstand summary dismissal as to Defendant City of Myrtle Beach and this same day service and issuance of summons as to this Defendant has been authorized by separate order.

## **RECOMMENDATION**

Accordingly, it is recommended that the district court partially dismiss the complaint in this case. It is recommended that the District Court dismiss Defendant Love *without prejudice* and *without issuance and service of process.* In a separately docketed order, the court has authorized the issuance and service of process on the remaining Defendant City of Myrtle Beach.

June 4, 2025
Florence, South Carolina

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).