IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Timothy Augustus Ward, | ) | Case No.: 4:25-cv-03293-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Officer Khalil Love, City of Myrtle Beach, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 16), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report is about the Magistrate Judge's initial review of pro se Plaintiff Timothy Augustus Ward's ("Plaintiff") complaint.[1] (DE 1.)

**A.     Background**

The Report comprehensively sets forth the factual allegations and legal framework, which the Court adopts by reference and summarizes briefly below for context.

Plaintiff, proceeding *pro se*, sued Officer Khalil Love ("Love") and the City of Myrtle Beach (the "City") (collectively "Defendants") under 42 U.S.C. § 1983. Plaintiff

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

alleges the Defendants violated his First and Fourth Amendment rights based on a March 23, 2025, encounter with Officer Love. (DE 1.) Plaintiff claims he was detained, pushed, handcuffed, and compelled to provide identification after uttering profanity in public. (DE 1.) Plaintiff also challenges the City's enforcement of state law and municipal ordinances criminalizing profanity. (*Id.*) Plaintiff seeks monetary damages and other relief. (*Id.*)

**B.     Report and Recommendation**

The Magistrate Judge reviewed the Complaint under 28 U.S.C. § 1915(e)(2)(B) and, on June 4, 2025, recommended dismissal of the claims against Officer Love but not the City. The Report found that Plaintiff alleged no injury from the alleged push and handcuffing, thus failing to state an actionable excessive force claim. (DE 16.) The Report concluded that since there was no injury from Officer Love's push and handcuffing—a required element of his excessive force claim—the claim fails as a matter of law. (DE 16 at 3), quoting *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010); *see also Atkins v. Glaser*, 2022 WL 1085000, at *7 (E.D. Va. Apr. 11, 2022) (collecting cases and noting that finding is "consistent with decisions of both district courts and courts of appeals nationwide").

On the other hand, the Report recommended that Plaintiff's claims against the City under his First Amendment claim be allowed to proceed. (DE 16.) Plaintiff objected to the Report on August 22, 2025. (DE 23.)

## C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## D. Plaintiff's Objections

Plaintiff objects to the Report and Recommendation primarily on the ground that Officer Love unlawfully detained and handcuffed him for using profanity, which he contends violated his clearly established First and Fourth Amendment rights. (DE 23.) Plaintiff asserts that his detention constituted an unreasonable seizure under the Fourth Amendment and that his arrest for using profanity constituted a violation of his First Amendment rights. Plaintiff relies on *Cohen v. California*, 403 U.S. 15 (1971), to argue that protected speech cannot be criminalized as disorderly conduct. He further contends that qualified immunity does not shield Officer Love because the constitutional rights at issue were clearly established.

3

Plaintiff's objections, however, misconstrue the scope of the Report.[2] The Magistrate Judge did not recommend dismissal of Plaintiff's First Amendment claim against the City of Myrtle Beach; to the contrary, the Report explicitly recommended that those claims proceed. (DE 16 at 3–4.) Instead, the Report recommended dismissal only of the claims against Officer Love because Plaintiff alleged no discernible injury arising from the push and handcuffing, which is fatal to an excessive force claim under well-established precedent. *See Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010). Plaintiff's Objection fails to identify any specific error in the Magistrate Judge's application of the law to those claims.

Moreover, while Plaintiff contends that Officer Love unlawfully detained him, the Complaint, as pleaded, alleged only a push and handcuffing without injury, framed as an excessive force claim. (DE 1; DE 16 at 2–3.) To the extent Plaintiff now attempts to recast his claim as one for unlawful detention or arrest under the Fourth Amendment, such arguments are not properly before the Court because they were not presented in his Complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (explaining that courts may not rewrite a complaint to include claims never presented).

Accordingly, Plaintiff's objections do not undermine the Magistrate Judge's conclusion that his claims against Officer Love must be dismissed.

### E. Conclusion

---

[2] Although Plaintiff references qualified immunity in his objections, the Report did not reach that issue, and neither does this Court. Because Plaintiff has failed to state a plausible constitutional claim against Officer Love, the question of immunity is not properly before the Court.

After a thorough review of the Report and the record, the Court overrules Plaintiff's objection (DE 23), adopts the Report and Recommendation (DE 16), and incorporates it herein.

Accordingly, it is ORDERED that Defendant Officer Khalil Love is DISMISSED WITHOUT PREJUDICE and without issuance and service of process. The claim against Defendant City of Myrtle Beach shall proceed.

**IT IS SO ORDERED**.

Florence, South Carolina
October 1, 2025

Joseph Dawson, III
United States District Judge

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

5