IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Timothy Augustus Ward,<br><br>                              Plaintiff,<br><br>v.<br><br>City of Myrtle Beach, South Carolina,<br><br>                              Defendant. | Civil Action No. 4:25-cv-03293-JD-TER<br><br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, issued pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). (DE 60.) The Report recommends granting in part and denying in part Defendant City of Myrtle Beach's Motion to Dismiss. (DE 32.)

The City filed timely objections. (DE 62.) Plaintiff, proceeding without counsel, filed a response opposing the objections. (DE 63.) After reviewing the record and the applicable law, the Court adopts the Report as modified.

Accordingly, the City's motion is granted as to Plaintiff's request for punitive damages, any facial challenge to Myrtle Beach Code § 14-61, and any constitutional challenge to S.C. Code § 16-17-530. The motion is denied, on the grounds presented, as to Plaintiff's claim that § 14-61 was applied to punish protected speech.

## A.     Background

At the Rule 12(b)(6) stage, the Court accepts the Complaint's well-pleaded factual allegations as true and draws reasonable inferences in Plaintiff's favor.

1

Plaintiff alleges that, on March 23, 2025, he attempted to check into the Bar Harbor Hotel in Myrtle Beach. The hotel declined to provide him a room and called the police. Officer Khalil Love responded and asked Plaintiff to step outside. Plaintiff alleges that he complied. (DE 1 at 1.)

According to the Complaint, while Plaintiff was walking toward the door, Love pushed or shoved him. Plaintiff responded, "DON'T PUT YOUR HANDS ON ME." (DE 1 ¶ 10.) After Love made an unidentified comment, Plaintiff said, "F*** YOU." (DE 1 ¶ 11.)  Love then placed Plaintiff in handcuffs and told him that he was being detained for disorderly conduct. (*Id*. ¶ 12.) Plaintiff alleges that he told Love he could not be detained merely for using profanity and that he was compelled to provide identification. The Complaint does not allege that Plaintiff was charged, and Plaintiff alleges no physical injury. (*Id*. at 2; DE 1-2 at 4–6.)

Plaintiff brought this action under 42 U.S.C. § 1983, alleging violations of the First and Fourth Amendments. He named Love in his individual capacity and the City as defendants. As to the City, Plaintiff alleges that it enacted and enforced an ordinance that improperly criminalizes swearing. He references both S.C. Code § 16-17-530 and Myrtle Beach Code Chapter 14, Article IV. Plaintiff seeks compensatory and punitive damages. (DE 1-2 at 4–6.)

Following initial review under 28 U.S.C. § 1915, the Magistrate Judge recommended dismissal of the claims against Love while allowing the claim against the City to proceed. (DE 16.) On October 1, 2025, this Court adopted that

2

recommendation, dismissed Love without prejudice, and authorized the claim against

the City to proceed. (DE 37.)

Plaintiff appealed. The Fourth Circuit later dismissed the appeal for failure to

prosecute and issued its mandate. (DE 58.)

The City then moved to dismiss the remaining claim under Rule 12(b)(6). (DE

32.) It argued that:

1.  punitive damages are unavailable against a municipality under § 1983;

2.  Plaintiff failed to comply with Rule 5.1 in challenging S.C. Code § 16-17-
    530;

3.  the Complaint establishes lawful grounds for Plaintiff's detention
    independent of his speech;

4.  § 14-61 and § 16-17-530 are facially constitutional; and

5.  Plaintiff's speech and conduct fell within the fighting-words doctrine or
    otherwise constituted unprotected disorderly conduct.

Plaintiff responded that the motion was premature, discovery was necessary,

and his profanity was protected by the First Amendment. He also referred to an audio

recording that allegedly captured Love stating that he detained Plaintiff for swearing.

(DE 43.) The City replied. (DE 55.)

## B.     Report and Recommendation

The Report first concluded that Plaintiff's constitutional challenge to S.C. Code

§ 16-17-530 should be dismissed because Plaintiff did not file and serve the notice

required by Rule 5.1. (DE 60 at 3.)

The Report then considered Plaintiff's challenge to Myrtle Beach Code § 14-61.

It concluded that the Complaint does not adequately plead a facial challenge because

Plaintiff does not allege that a substantial number of the ordinance's applications are unconstitutional. The Report construed the Complaint instead as asserting that § 14-61 was unconstitutional as applied to Plaintiff. (*Id.* at 4–5.)

As to that theory, the Report found that the Complaint alleges Plaintiff complied with Love's request to leave the hotel and was detained only after protesting Love's physical contact and directing profanity toward him. The Report concluded that the Court could not determine from the Complaint alone whether Plaintiff's detention rested on independent lawful grounds. It, therefore, recommended denying the motion as to the as-applied challenge to § 14-61. (*Id.* at 5–7.)

The Report did not address the City's argument that punitive damages are categorically unavailable against a municipality under § 1983.

## C.    Standards of Review

The Magistrate Judge's recommendation has no presumptive weight, and the Court remains responsible for the final determination. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of any portion of the Report to which a party makes a specific written objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify the recommended disposition, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of a specific objection, the Court need only determine that no clear error appears on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pleaded facts as true and draws reasonable inferences in the plaintiff's favor, but it need not accept legal conclusions or factual assertions contradicted by the pleading itself. *Id.* at 678–79.

Although filings by an unrepresented litigant receive liberal construction, the Court may not rewrite the complaint, construct legal arguments for the litigant, or supply facts that were not alleged. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court does not consider the audio recording or internet link referenced in Plaintiff's response. (DE 43 at 2.) Those materials are outside the Complaint, are not necessary to resolve the motion, and have not been incorporated into the pleading. *See* Fed. R. Civ. P. 12(d). The present ruling rests on the allegations of the Complaint and the text of the enactments Plaintiff challenges.

## D.  Discussion

### 1.  Punitive damages

The City objects that the Report did not address its argument that punitive damages are unavailable against a municipality under § 1983. That objection is sustained.

The Supreme Court has held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S.

247, 271 (1981). Plaintiff's remaining claim is a § 1983 claim against the City. He, therefore, cannot recover punitive damages from the City as a matter of law.

This Court's decision in *DHD Jessamine, LLC v. Florence County, South Carolina*, 2025 WL 3170021 (D.S.C. Nov. 12, 2025), does not alter that conclusion. DHD Jessamine interpreted the Fair Housing Act, which expressly authorizes punitive damages, and distinguished that statutory scheme from § 1983. *Id.* at *3–4. City of Newport remains controlling here.

Plaintiff's request for punitive damages against the City is dismissed with prejudice.

### 2.     Challenge to S.C. Code § 16-17-530

The Report recommends dismissal of Plaintiff's challenge to S.C. Code § 16-17-530 based on his failure to file and serve notice under Rule 5.1. No party specifically objected to that recommendation. The Court nevertheless modifies the Report's reasoning because Rule 5.1 does not authorize dismissal solely for failure to provide notice.

Rule 5.1(a) requires a party challenging the constitutionality of a state statute to file notice of the constitutional question and serve it on the state attorney general when the State or one of its officers is not a party. The Court must certify the constitutional question to the attorney general. Fed. R. Civ. P. 5.1(b).

But Rule 5.1(d) expressly provides that a party's failure to file or serve the notice does not forfeit an otherwise timely constitutional claim or defense. Plaintiff's noncompliance, therefore, is not, standing alone, a basis for dismissal.

The City also argued in its motion that the Complaint does not state a viable facial or as-applied challenge to § 16-17-530. (DE 32 at 4–5, 11.) The Court agrees on that narrower pleading ground.

Plaintiff mentions § 16-17-530 among laws he believes concern profanity, but he does not identify the statutory language he challenges, explain whether his theory is facial or as applied, or allege that Love cited, charged him under, or otherwise invoked the statute. Love's alleged use of the general term "disorderly conduct" does not, without more, establish that the detention was made under the state statute rather than the municipal ordinance.

The Complaint's bare reference to § 16-17-530, therefore, does not plausibly state a distinct constitutional claim. Any challenge to that statute is dismissed without prejudice, but not because Plaintiff failed to comply with Rule 5.1.

Because the Complaint nevertheless questions the constitutionality of a South Carolina statute and the State is not a party, the Clerk of Court is directed to transmit a copy of the Complaint and this Order to the Attorney General of South Carolina pursuant to Rule 5.1(b) and 28 U.S.C. § 2403(b). Rule 5.1(c) permits the Court to reject a constitutional challenge before the intervention period expires.

### 3.    Facial challenge to Myrtle Beach Code § 14-61

The Court finds no clear error in the Report's conclusion that the Complaint does not plausibly state a facial challenge to § 14-61. A facial First Amendment challenge generally requires a showing that a substantial number of the enactment's applications are unconstitutional when judged in relation to its legitimate sweep. *See*

*Moody v. NetChoice, LLC*, 603 U.S. 707, 723 (2024). The Complaint does not identify a substantial range of unconstitutional applications, discuss the ordinance's legitimate scope, or explain whether the asserted defect is overbreadth, vagueness, or impermissible content discrimination.

Plaintiff alleges only that the City enacted an ordinance "that makes cursing a crime." That characterization is a legal conclusion rather than a pleaded fact. Section 14-61, as quoted in the City's motion and the Report, does not prohibit profanity in all circumstances. It addresses intentional conduct inciting public disorder or a breach of the peace and includes language linking expletives and epithets to fighting words and an immediate violent reaction.

The Court does not hold at this stage that every provision or application of § 14-61 is constitutional. *Moshoures v. City of North Myrtle Beach*, 131 F.4th 158 (4th Cir. 2025), confirms that a municipality may not single out vulgar or offensive—but constitutionally protected—speech for disfavored treatment merely because of its content. There, however, the challenged provision expressly restricted broadcasts of "vulgar" language, and its definition extended beyond constitutional obscenity. *Id.* at 164–68. By contrast, § 14-61(b)(1), as quoted here, links its treatment of expletives and epithets to fighting words and immediate violence. That distinction does not resolve every application of § 14-61, but *Moshoures* does not itself supply the facial allegations missing from this Complaint.

Because the Complaint does not satisfy that requirement, any facial challenge to § 14-61 is dismissed without prejudice.

### 4.    As-applied challenge to Myrtle Beach Code § 14-61

The City's principal objection concerns the Report's refusal to dismiss Plaintiff's as-applied challenge. The City argues that the Complaint itself establishes an objective lawful basis for Plaintiff's detention independent of his profanity.

Even assuming that an independently lawful objective basis for the detention would defeat Plaintiff's remaining theory, the Complaint does not establish one.

#### a.    The Complaint does not establish an independent lawful basis

*Devenpeck v. Alford* holds, in the Fourth Amendment arrest context, that objective facts—not the arresting officer's subjective reason—govern the probable-cause inquiry. 543 U.S. 146, 153–54 (2004). *Thurston v. Frye* likewise asks whether the facts known to the officer could make a prudent officer believe the suspect's conduct satisfied the elements of a criminal offense. 99 F.4th 665, 674 (4th Cir. 2024). Neither decision permits a court to supply facts not pleaded or draw inferences against the plaintiff on a Rule 12(b)(6) motion. The Court need not decide whether reasonable suspicion or probable cause is the governing standard for the alleged detention because the Complaint establishes neither.

The City argues that the hotel's refusal to provide Plaintiff a room, its call to police, and Love's request that Plaintiff step outside furnished an objective basis to investigate trespass, preserve order, identify Plaintiff, or detain him under provisions of § 14-61 unrelated to profanity.

But the argument depends on inferences that cannot be drawn against Plaintiff at this stage. The Complaint does not allege that hotel personnel ordered

9

Plaintiff to leave before police arrived, that Plaintiff refused or remained after a request to leave, that he threatened or obstructed anyone, or that he engaged in disruptive conduct before Love made physical contact with him.

To the contrary, Plaintiff alleges that Love asked him to step outside and that he complied. He further alleges that he was walking toward the door when Love pushed or shoved him.

The City's motion characterizes Plaintiff as having refused to leave, disrupted hotel staff, required a police escort, become increasingly animated, and physically "bumped into" Love. Those assertions do not appear in the Complaint. At the pleading stage, the Court may not replace Plaintiff's allegation that Love pushed him with an adverse inference that Plaintiff initiated the physical contact.

The City also relies in its objections on S.C. Code § 16-11-620, which prohibits remaining in a place of business after being requested to leave. (DE 62 at 4.) But the Complaint does not allege that Plaintiff remained after a request to leave; it alleges compliance. The face of the Complaint, therefore, does not establish a violation of that statute.

Discovery may reveal facts furnishing an independent lawful basis for detention. The Court cannot assume those facts when deciding a Rule 12(b)(6) motion.

### b.    The pleaded speech cannot be declared unprotected as a matter of law

The City alternatively argues that Plaintiff's words constituted fighting words or otherwise unprotected disorderly conduct. (DE62 at 3–5.) The First Amendment generally protects verbal criticism and challenges directed at police officers, including

speech that is profane or offensive. *See City of Houston v. Hill*, 482 U.S. 451, 461–63 (1987). Speech does not lose constitutional protection merely because it is vulgar. *See Moshoures*, 131 F.4th at 167–69.

Fighting words remain outside First Amendment protection, but that category is narrow and context dependent. It generally encompasses personally abusive words that, when addressed to an ordinary person under the circumstances, are inherently likely to provoke an immediate violent reaction. *See Chaplinsky v. New Hampshire*, 315 U.S. 568, 572 (1942); *see also Gooding v. Wilson*, 405 U.S. 518, 523 (1972).

The Fourth Circuit has expressed skepticism that statements such as "f\*\*\* you" and "f\*\*\* all of you" are fighting words under modern First Amendment doctrine. *Carolina Youth Action Project v. Wilson*, 60 F.4th 770, 785 n.12 (4th Cir. 2023). When the addressee is a police officer, the analysis also accounts for the greater restraint expected of a trained officer. *See Hill*, 482 U.S. at 462.

The Complaint alleges that Plaintiff made a single profane statement after Love pushed or shoved him. It does not allege that Plaintiff threatened Love, invited him to fight, repeatedly shouted profanity, advanced toward him, or engaged in other aggressive conduct demonstrating an immediate likelihood of violence.[1] The Court,

---

[1]     In its motion to dismiss, the City relied on *City of Landrum v. Sarratt*, 352 S.C. 139, 572 S.E.2d 476 (Ct. App. 2002). *Landrum* upheld a conviction based on loud profanity directed at private citizens—including vulgarities toward one victim's mother—in circumstances the court found likely to incite an ordinary person to violence. *Id.* at 479. *Landrum* also recognized that profanity alone is insufficient and that the doctrine applies more narrowly when speech is directed at law-enforcement personnel. *Id.* at 478–79. The Complaint does not allege comparable circumstances. Whether Plaintiff's words and conduct ultimately constituted fighting words or disorderly conduct depends on facts that are not established by the pleading.

therefore, cannot conclude under Rule 12(b)(6) that Plaintiff's speech was unprotected.

### c.     Scope of the ruling

The Court's ruling is narrow: on the grounds actually presented, the Complaint does not establish an independent lawful ground for the detention or facts demonstrating that Plaintiff's speech was unprotected.

The City did not separately develop an argument that Plaintiff failed to plead municipal causation under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and the Report did not address that issue. The Court, therefore, does not hold that Plaintiff has adequately pleaded every element of municipal liability; it decides only the grounds the City presented in its motion and objections. Municipal causation remains open.

The Court likewise does not decide whether evidence outside the pleadings will establish a lawful basis for the detention or otherwise defeat the remaining claim. The City may raise those issues on a properly developed record.

The City's objection to the recommended denial of its motion as to the as-applied challenge is overruled.

### E.     Conclusion

For the foregoing reasons, it is ORDERED that:

1. the City's objections to the Report and Recommendation (DE 62) are SUSTAINED IN PART AND OVERRULED IN PART;

2. the Report and Recommendation (DE 60) is ADOPTED AS MODIFIED by this Order;

3. the City's Motion to Dismiss (DE 32) is GRANTED IN PART AND DENIED IN PART;

4. Plaintiff's request for punitive damages against the City is DISMISSED WITH PREJUDICE;

5. Plaintiff's constitutional challenge to S.C. Code § 16-17-530 is DISMISSED WITHOUT PREJUDICE;

6. to the extent Plaintiff asserts a facial constitutional challenge to Myrtle Beach Code § 14-61, that challenge is DISMISSED WITHOUT PREJUDICE;

7. the City's motion is DENIED, on the grounds presented, as to Plaintiff's remaining as-applied First Amendment claim concerning Myrtle Beach Code § 14-61;

8. the Clerk of Court shall transmit a copy of the Complaint and this Order to the Attorney General of South Carolina pursuant to Federal Rule of Civil Procedure 5.1(b) and 28 U.S.C. § 2403(b); and

9. this action will proceed solely on Plaintiff's remaining as-applied § 1983 claim against the City concerning Myrtle Beach Code § 14-61. This Order does not decide whether Plaintiff can establish municipal causation under Monell or prevail on the merits upon a developed record.

IT IS SO ORDERED.

Florence, South Carolina
August 6, 2026

Joseph Dawson, III
United States District Judge

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.